IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



FILED AUG 28 2013 CLERK, U.S. DISTRICT COURT RICHMOND, VA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) Criminal No. 3:06CR234–HEH |
| RICARDO IVAN ROBINSON, | ) |

### MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Ricardo Ivan Robinson ("Robinson"), a federal prisoner proceeding *pro se* and *in forma pauperis*, brings this motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion") challenging his conviction in this Court for possession with intent to distribute cocaine and cocaine base (ECF No. 31). On October 1, 2012, the Government responded, seeking dismissal on the grounds that the one-year statute of limitations governing federal habeas motions bars Robinson's § 2255 Motion (ECF No. 35). Robinson has failed to reply, and the matter is ripe for disposition.

### I. Background

On July 12, 2006, Robinson was charged in a two-count indictment with conspiracy to distribute fifty grams or more of cocaine base and more than five kilograms of cocaine, in violation of 21 U.S.C. § 846 ("Count One"), and possession with intent to distribute fifty grams or more of cocaine base and cocaine, in violation of 21 U.S.C. § 841(a)(1) ("Count Two"). On September 29, 2006, pursuant to a plea agreement with the Government, Robinson pled guilty to Count Two. The Court subsequently dismissed Count One and sentenced Robinson to 120 months imprisonment on January 5, 2007.

Robinson did not directly appeal his conviction or sentence, but rather filed the instant § 2255 Motion collaterally attacking his conviction on June 9, 2012.[1] In the § 2255 Motion, Robinson makes the following claim for relief:

> Petitioner is "Actually Innocent" and his Criminal Judgment is "Void" and *Must Be Vacated,* Due to the Fact that his Indictment is "Fatally Defective", by Failing to Charge & Allege, All the Necessary "Essential Elements of a Federal Crime in Violation of 21 USC § 841(a)", in light of the Recent Supreme Court Ruling and Statutory Interpretation of 21 USC 841(B)(1)(A)(iii) & § 841(a)(1) . . . .

(§ 2255 Mot. 5.) The Government contends that Robinson's claim, which relies on *DePierre v. United States*, 131 S. Ct. 2225 (2011), is barred by the one-year statute of limitations governing § 2255 motions. For the reasons articulated below, the Court finds that Robinson's § 2255 Motion is untimely and will dismiss it.

## II. Statute of Limitations

All motions under 28 U.S.C. § 2255 are governed by a one-year statute of limitations. In pertinent part, 28 U.S.C. § 2255 provides:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly

---

[1] The Court deems the motion filed on the date Robinson swears he placed the motion in the prison mailing system. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

2

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### III. Timeliness of Robinson's § 2255 Motion

Under 28 U.S.C. § 2255(f)(1), Robinson had one year from the date his conviction became final to file a § 2255 motion in this Court. His conviction became final on Monday, January 22, 2007—the last date to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A), 26(a) (2006); *see also Arnette v. United States*, Nos. 4:01cr16, 4:04cv122, 2005 U.S. Dist. LEXIS 7734 at *12 (E.D. Va. May 2, 2005) (citing *Clay v. United States*, 537 U.S. 522 (2003)). Consequently, Robinson was required to file his § 2255 Motion on or before Friday, January 22, 2008. However, Robinson waited more than four years to file the motion. Accordingly, the one-year statute of limitations bars his motion unless he demonstrates entitlement to a belated commencement of the limitations period or to equitable tolling.

Robinson asserts that his § 2255 Motion is timely under § 2255(f)(3). He contends that in *DePierre*, the Supreme Court recognized a new right and made this new right retroactively applicable.[2] Based on his reading of *DePierre*, Robinson concludes that the Indictment failed to state a charge because it "*did not* identify or state a 'mixture or substance *described in clause (ii) which contains cocaine base* . . . ." (Mem. Sup.

---

[2] In *DePierre*, the Court held that "the term 'cocaine base' as used in § 841(b)(1) means not just 'crack cocaine,' but cocaine in its chemically basic form." 131 S. Ct. at 2237.

3

§ 2255 Mot. 3.) He offers no other justification for a belated commencement of the limitations period and identifies no grounds for equitable tolling.

Putting aside Robinson's confused interpretation of the holding in *DePierre*, the Court cannot reach the same conclusion as to the timeliness of his motion. As numerous courts have observed, *DePierre* did not recognize a new right retroactively applicable to cases on collateral review. *See, e.g., United States v. Liverman*, 881 F. Supp. 2d 717, 719 (E.D. Va. 2012); *United States v. Crump*, No. 7:06-cr-00007-1, 2012 U.S. Dist. LEXIS 23179, at *5 (W.D. Va. Feb. 24, 2012). Accordingly, *DePierre* does not entitle Robinson to an extension of the limitations period. Having neither demonstrated that one of the later commencement dates for the limitations period applies nor articulated any meritorious ground for equitable tolling of the limitations period, Robinson's § 2255 Motion must be denied as untimely.

## IV. Conclusion

For the foregoing reasons, Robinson's § 2255 Motion will be denied, and the action will be dismissed.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). No law

4

or evidence suggests that Robinson is entitled to further consideration in this matter. A certificate of appealability will therefore be denied.

An appropriate Order shall accompany this Memorandum Opinion.

Date: August 27, 2013
Richmond, VA

/s/
Henry E. Hudson
United States District Judge